UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIERDRE JOHNSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2024** |
| **KEVIN MAXIMILIAN LOPEZ-GARCIA, ET AL** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment** (Rec. Doc. 23) filed by defendants, Kevin Maximilian Lopez Garcia, Pedro Lopez d/b/a/ Lopez Trucking, and Canal Insurance Company is **GRANTED**, and plaintiffs' claim for independent negligence against Pedro Lopez d/b/a/ Lopez Trucking are **DISMISSED**.

### BACKGROUND

This matter arises from a motor vehicle collision between a tractor trailer and a car in St. Bernard Parish. On July 19, 2020, plaintiff, Deirdre Johnson, and defendant, Kevin Garcia, were both driving eastbound on West Judge Perez Drive in St. Bernard Parish, approaching the intersection with Aycock Street. Johnson was driving in the right lane with Joseph in the passenger seat. Garcia testified that he was driving in the right lane with his right turn signal on until he began to execute a right turn on to Aycock Street. Garcia further testified that, when turning right, he pulled left and swung the truck wide in order to avoid pedestrians on the corner at the intersection. According to Garcia, Johnson attempted to pass him on the right while he was executing the turn, resulting in the collision. In contrast, Johnson testified that Garcia was

driving in the left lane of West Judge Perez Drive while she was driving in the right lane. She testified that Garcia made a right turn from that lane in front of her, resulting in the collision.

Johnson and Joseph sued Kevin Garcia, the driver of the tractor trailer, for negligence. Plaintiffs also sued Garcia's employer Pedro Lopez d/b/a Lopez Trucking ("Lopez Trucking") and Canal Insurance Company. Defendants have filed the instant motion for partial summary judgement, arguing that plaintiff cannot maintain an independent negligence claim against Lopez Trucking when defendants have admitted that Garcia was acting within the scope and course of his employment with Lopez Trucking at the time of the collision.

## DISCUSSION

### *Standard of Review*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute ... [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986)).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

*Analysis*

As noted above, defendants seek to dismiss claims of independent negligence against Lopez Trucking, arguing that Louisiana law does not permit a separate direct cause of action for negligence in hiring, supervision, failure to train, or negligent entrustment against an employer when an employer admits to vicarious liability. Plaintiffs oppose, arguing that they would be prejudiced by the inability to demonstrate Lopez Trucking's negligence and that no binding authority requires this court to dismiss their claim against Lopez Trucking. Thus, the instant motion presents a threshold question of whether, under Louisiana law, a plaintiff may simultaneously maintain a cause of action for respondeat superior liability and for direct negligence against an employer, when the employer has stipulated to vicarious liability for the employee's negligent act. Because the court's jurisdiction is premised on diversity jurisdiction, it

3

must apply the substantive law of the forum state, Louisiana. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).

"Louisiana law lacks binding precedent as to whether simultaneous causes of action can be brought against the employer under the doctrine of respondeat superior as well as the negligence of the employer in hiring, training, and/or supervision when the employer has stipulated that the employee acted in the course and scope of employment." Wright v. National Interstate Insurance Co., 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017). Because there is no binding Louisiana Supreme Court precedent on this issue, the court must make an Erie guess to resolve the instant motion – that is, it must "determine as best it can" what the Supreme Court of Louisiana would decide if presented with the same question. Howe ex. rel Howe v. Scottsdale Ins. Co., 204 F.3d 624, 627 (5th Cir. 2000).

To do so, this court may look to the decisions of the Louisiana intermediate courts of appeal for guidance. Id. The federal court's role is to predict, not create or modify state law. Id. at 628. Thus, the precedent provided by the intermediate appellate courts of Louisiana cannot be disregarded when the party advocating a departure from those rulings does not offer anything to suggest why the Supreme Court of Louisiana would decide the case differently. Id.

The court recently addressed this precise question in Rivera v. Robinson, 2020 WL 5658899 (E.D. La. 9/23/20). In Rivera, the court observed that "federal courts in all three districts of Louisiana embarked on the same jurisprudential search,"[1] relying on cases from three

---

[1] See e.g., Rodrigue v. Nat'l Ins. Co., 2021 WL 1143691, at *1 (E.D. La. 3/25/21); Meadors v. D'Agostino, 2020 WL 1529367 (M.D. La. 3/30/20); Vaughn v. Taylor, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019).

Louisiana appellate courts.² Almost uniformly, courts considering this question have held that "when an employer stipulates to course and scope, the plaintiff cannot also maintain a direct negligence claim against the employer." Meadors, 2020 WL 1529367, *3 (quoting Pigott v. Heath, 2020 WL 564958, at *3 (E.D. La. Feb. 5, 2020)). The federal cases were influenced by Dennis v. Collins, 2016 WL 6637973 (W.D. La. Nov. 9, 2016).

    Like the instant case, in Dennis, the driver, an employee of the defendant, allegedly caused a collision with the plaintiff's vehicle. The defendant argued, based on state court appellate decisions, that the plaintiff could not simultaneously pursue both a negligence cause of action based on vicarious liability and a direct negligence cause of action for negligent supervision and/or negligent training against the employer, when the employer stipulated that the employee was in the course and scope of employment when he committed the alleged negligent act. The Dennis court, taking cognizance of Louisiana Civil Code article 2320, acknowledged that "Louisiana law supports theories of direct negligence and vicarious liability to hold employers accountable for their actions and the actions of their employees." However, it found that formulation overbroad, because it fails to account for the fact that "while 'direct negligence' is an independent negligence cause of action against the employer, 'vicarious liability' is not a cause of action, but rather a method of holding one party liable for the conduct of another, of which respondeat superior is merely a species." Dennis v. Collins, 2016 WL 6637973, at *5.

---

    ²Elee v. White, — So. 3d. —, 2020 WL 4251974, *4 (La. App. 1 Cir. 7/24/20); Landry v. Nat'l Union Fire Ins. Co. of Pittsburg, 289 So.3d 177 (La. App. 5 Cir. 12/30/19), writ denied 295 So. 3d 945 (La. 5/1/20); Libersat v. J&K Trucking, Inc., 772 So.2d 173, 179 (La. App. 3 Cir. 10/11/00).

Thus, it concluded that in cases where vicarious liability is stipulated, the plaintiff's direct negligence actions were subsumed by the respondeat superior action. Id. at *8. It reasoned:

> [if] the trier of fact finds that [the driver employee] was negligent and that his negligence was a cause-in-fact and legal cause of Dennis' injuries, then [the defendant employer] is liable for [the employee's] actions. If he was not negligent, then no amount of negligence on the part of [the defendant employer] in training and supervising him could have been the cause-in-fact or legal cause of the collision and Dennis' injuries.

Dennis, 2016 WL 6637973, at *8. Based on this finding, the court dismissed plaintiff's claims for negligent training and supervision.

In opposing the conclusion drawn in Dennis and the federal district court cases following it, as well as Louisiana appellate decisions, plaintiffs argue that, because Garcia has pleaded the fault of third parties as a defense, he could testify that he turned as he did because that is how he was trained. Plaintiffs argue that the jury might excuse that error or otherwise sympathize with him in allocating fault, potentially resulting in a decrease in fault defendants bear overall, relying on Gordon v. Great West Casualty Co., 2020 WL 3472634 (W.D. La. 6/25/20).

In Gordon, the court, reversing its own holding in prior cases, found that respondeat superior and direct negligence claims could be maintained simultaneously, essentially concluding that to do otherwise frustrates Louisiana's comparative fault scheme which ensures that each tortfeasor is responsible only for the portion of the damage he has caused. However, as noted in Pigott v. Heath, because the employer is "answerable for the damage occasioned by" the employee, article 2320 is not undermined. 2020 WL 564958, at *4 (E.D. La. 2/5/20) (citing La. Civ. Code art. 2320). "Where, as here, vicarious liability based on respondeat superior is

undisputed, [the employer's] responsibility is coextensive with the responsibility of . . . the employee who allegedly committed the tort by driving carelessly, thus rendering academic any allocation of fault between employer and employee." Id.

Further, having surveyed the landscape of cases on this issue, Gordon remains an outlier. Subsequent to the Gordon decision, the Louisiana First Circuit Court of Appeal again specifically held:

> [W]e conclude that a plaintiff cannot maintain a direct negligence claim, such as negligent hiring, training, supervision, etc., against an employer, while simultaneously maintaining a claim against the alleged negligent employee for which the plaintiff seeks to hold the employer vicariously liable, after the employer has admitted that the employee was in the course and scope of employment at the time of the alleged conduct.

Elee v. White, 2020 WL 4251974, *4. Likewise, the Supreme Court of Louisiana denied writs in a Fifth Circuit case, Landry v. Nat'l Union Fire Ins. Co. of Pittsburg, 289 So. 3d 177 (La. App. 5 Cir. 12/30/19), writ denied sub nom. Landry v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 295 So. 3d 945 (La. 5/1/20), which presented a negligent entrustment claim on similar facts, and held that "because [the employer defendant] stipulated that [the employee driver] was in the course and scope of his employment and is therefore liable if [the employee] is liable, [the employer defendant's] partial motion for summary judgment on the negligent supervision and training and negligent entrustment was properly granted." 289 So. 3d at 186. Although the denial of a writ does not have jurisprudential value, it demonstrates that the Supreme Court of Louisiana had the opportunity to address the question at hand but declined to do so.

Plaintiffs also suggest that the court should depart from the weight of authority because

the Louisiana Supreme Court approved an allocation of fault between employees and employers for failure to train according to federal regulations in Foley v. Entergy Louisiana, Inc., 946 So. 2d 144, 153 (La. 2006). However, Foley was a workers' compensation case in which neither plaintiff's employer or co-employee were named as defendants in the lawsuit, and the court did not examine the issue of whether an employee's negligence was subsumed by the employer's negligence via respondeat superior, and the ramifications for fault allocation if it were. It provides no guidance on that question.

The court's best Erie guess is that if presented with the question today, the Supreme Court of Louisiana would follow the holdings of the Louisiana intermediate appellate courts, and find that when the employer has stipulated to vicarious liability for the employee's negligent act, a plaintiff may not simultaneously maintain a separate direct cause of action against the employer for negligence in hiring, supervision, failure to train, or negligent entrustment.[3] Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment** (Rec. doc. 23) filed by defendants, Kevin Maximilian Lopez Garcia, Pedro Lopez d/b/a/ Lopez Trucking, and Canal Insurance Company is **GRANTED**, and plaintiffs' claim for independent

---

[3] This approach does not foreclose a direct action against the employer for negligence of the employer unrelated to the employee.

negligence against Pedro Lopez d/b/a/ Lopez Trucking are **DISMISSED**.

New Orleans, Louisiana, this  17th   day of August, 2021.

                    **MARY ANN VIAL LEMMON**
                    **UNITED STATES DISTRICT JUDGE**