UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIERDRE JOHNSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2024** |
| **KEVIN MAXIMILIAN LOPEZ-GARCIA, ET AL** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' *Daubert* Motion and Motion in Limine to Exclude or Limit the Testimony of David A. Stopper (Rec. Doc. 29) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiffs' *Daubert* Motion and Motion in Limine to Exclude the Testimony of Dr. Everett Robert (Rec. Doc. 35) is **DENIED**.

### BACKGROUND

This matter arises from a motor vehicle collision between a tractor trailer and a car in St. Bernard Parish. On July 19, 2020, plaintiff, Deirdre Johnson, and defendant, Kevin Garcia, were both driving eastbound on West Judge Perez Drive in St. Bernard Parish, approaching the intersection with Aycock Street. Johnson was driving in the right lane with Joseph in the passenger seat. Garcia testified that he was driving in the right lane with his right turn signal on, until he began to execute a right turn on to Aycock Street. Garcia further testified that, when turning right, he pulled left and swung the truck wide in order to avoid pedestrians on the corner at the intersection. According to Garcia, Johnson attempted to pass him on the right while he was executing the turn, resulting in the collision. In contrast, Johnson testified that Garcia was

driving in the left lane of West Judge Perez Drive while she was driving in the right lane. She testified that Garcia made a right turn from that lane in front of her, resulting in the collision.

Following the collision, Johnson and her passenger, Hope Joseph, were taken to St. Bernard Parish Hospital and were discharged the same day. Plaintiffs later complained of back pain, with Johnson also complaining of neck pain and headaches. Both received treatment for their pain, including epidural steroid injections. Both testified that medical treatment only provides temporary relief for their pain, and that they are limited in their daily activities because of the pain.

Johnson and Joseph sued Kevin Garcia, the driver of the tractor trailer, for negligence. Plaintiffs also sued Garcia's employer Pedro Lopez d/b/a Lopez Trucking ("Lopez Trucking") and its insurer. Defendants have filed a Daubert motion seeking to exclude David A. Stopper, plaintiff's accident reconstruction expert. Plaintiffs have filed a Daubert motion seeking to exclude the testimony of Dr. Everett Robert, the physician retained by defendants to conduct independent medical examinations of the plaintiffs. The motions are discussed below in turn.

## DISCUSSION

*Legal Standard*

Federal Rule of Evidence 702 provides that for expert testimony to be admissible, "(1) the testimony [must be] based upon sufficient facts or data, (2) ... the product of reliable principles and methods, and (3) the witness [must have] applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. This rule requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only

relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). Expert testimony is relevant if it fits the facts of the case and will "assist the trier of fact to understand or determine a fact in issue." Id. at 592. The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. Id. at 590. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998).

In determining reliability, courts may rely on factors discussed by the Daubert court, including "whether the theory or technique the expert employs is generally accepted; whether the theory has been subjected to peer review and publication; whether the theory can and has been tested; whether the known or potential rate of error is acceptable; and whether there are standards controlling the technique's operation." Broussard v. State Farm Fire and Cas. Co., 523 F.3d 618, 630 (5th Cir. 2008). "The factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). Rather, the reliability inquiry must remain flexible because "not every Daubert factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).

*Analysis*

I.    **Testimony of David A. Stopper**

Defendants challenge accident reconstructionist David A. Stopper's expert opinion that Garcia made an improper right turn from the left travel lane when unsafe to do so, which resulted

in the collision. Defendants do not challenge Stopper's qualifications in the field of accident construction. However, they argue his opinions are premised on unsupported speculation rather than reliable, testable methodology, because he did not perform his own physical accident reconstruction or take appropriate measurements. Defendants further argue that Stopper's opinion is unreliable because it was premised on plaintiffs' version of the accident – that Garcia turned right from the left lane – which Stopper accepted as true, despite the existence conflicting testimony, which it is not his prerogative to resolve.

    With respect to the contention that a conflict between plaintiffs' and Garcia's testimony regarding the lane Garcia was driving in undermines Stopper's testimony, the court disagrees. While plaintiffs maintain that in the moments leading up to the collision, Garcia was driving the in the left lane, and Garcia maintains that he was in the right lange, Garcia acknowledged in his deposition that when he began the turn, he swung wide straddling both lanes of West Judge Perez. The crux of Stopper's testimony is that Garcia executed an incorrect "jug handle" turn, rather than a correct "button hook" turn, as illustrated by the following diagram included in his report:



4

As the foregoing illustration reflects, the essence of Stopper's testimony does not require the resolution of the question whether he was initially in the right lane or the left lane, but merely that he entered the left lane during his turn, which Garcia admits. Thus, the court finds that Stopper's testimony is not based upon a resolution of disputed facts. Further, to the extent defendants believe it is, that may be explored on cross-examination.

With respect to defendants' argument that Stopper's testimony is unreliable because he did not conduct a personal, on-site accident reconstruction, because of the nature of his testimony, that is not required. See <u>Kumho Tire Co.</u>, 526 U.S. at 150. Stopper is not testifying to matters that can only be determined by a visual inspection; rather, his testimony focuses on the industry standard of care/best practice for right hand turn maneuvers, and his conclusion, based upon Garcia's own version of events, that Garcia did not meet the industry standard of care for turning. This testimony requires knowledge of industry standards and regulations, and their application to the facts established in this case. This is within Stopper's expertise and not dependent upon measurements or testing procedures. To the extent Stopper's failure to conduct a physical reconstruction testimony might undermine his testimony, that is a challenge to the basis of his opinion. "[Q]uestions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [fact-finder's] consideration." <u>United States v. 14.38 Acres of Land</u>, 80 F.3d 1074, 1077 (5th Cir. 1996). Accordingly, the court will not exclude the testimony of David A. Stopper.

**II. Testimony of Dr. Everett Robert**

Plaintiffs seek to exclude the testimony of Dr. Everett Robert, defendants' Independent Medical Examination ("IME") physician. With respect to Deirdre Johnson, Dr. Robert has opined, inter alia, that Johnson's physical examination was normal, with no deficits to motor, sensation, or reflexes; that after the July 2019 accident Johnson developed a lumbar spinal sprain/strain; that an August 2019 MRI revealed mild degenerative changes; that a January 2021 MRI revealed that as of that date, an L4-5 disc herniation was present; that the L4-5 disc herniation is the current cause of her pain; that the L4-5 disc herniation was not related to or caused by the July 2019 accident, and that Johnson does not require any future care related to any injury to her lumbar spine in the July 2019 accident.

With respect to Hope Joseph, Dr. Robert has opined, inter alia, that Joseph incurred a cervical and lumbar sprain/strain as a result of the July 2019 accident; that her lumbar spine MRI and cervical spine MRI do not show any evidence of trauma; that her lumbar spine MRI and cervical spine MRI do not show any pain generators that would explain Joseph's complaints; and that Joseph does not required any future care related to any injury sustained to her cervical or lumbar spine in the July 2019 accident.

Plaintiffs have moved to exclude Dr. Robert's testimony, arguing that his report lacks necessary detail, that it does not provide an alternate cause for Johnson's disc herniation, and that it fails to adequately account for the fact that plaintiffs' treating physicians reached different conclusions, recommending treatment.

In arguing that the report is too "bare bones", plaintiffs point the court to an unpublished order in Dauzat v. Carter, No. 14-239 (E.D. La. Oct. 18, 2019) (Roby, M.J.). In Dauzat, which

6

involved a claim by a prisoner that he had been denied medical care, the court excluded Dr. Robert's report based on its finding that it did not meet the bare minimum requirements of Federal Rule of Civil Procedure 26. Rule 26 requires that an expert report must contain, <u>inter alia</u>, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them. . . ." Fed. R. Civ. P. 26(a)(2)(B). The Dauzat court found that the expert report in that case contained "no[] suggestion that he examined the plaintiff to provide . . . unique knowledge. The report contains no methodology or supportive reference for his conclusion. He simply summarizes some but not all of the plaintiff's Complaint and medical records and concluded that he saw 'no deviation' from the standard of care." <u>Id.</u>, Rec. Doc. 35-18, p. 6.

In the present case, Dr. Robert personally examined Joseph and Johnson, and reviewed their medical records, which included extensive documentation and imaging for both plaintiffs. He also considered the plaintiffs' personal assessments of their symptoms. Utilizing his years of medical education, training, and experience, he concluded that plaintiffs did experience strain caused by the accident, but that the other injuries and pain that the plaintiffs complained of were not clinically significant or were not caused by the accident. The court finds that the report is sufficiently detailed as to what Dr. Robert's conclusions were based upon, and how he reached them. Accordingly, his testimony will not be excluded.

**IT IS HEREBY ORDERED** that defendants' *Daubert* **Motion and Motion in Limine to Exclude or Limit the Testimony of David A. Stopper** (Rec. Doc. 29) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiffs' *Daubert* **Motion and Motion in Limine to Exclude the Testimony of Dr. Everett Robert** (Rec. Doc. 35) is **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2021.

*/s/ Mary Ann Vial Lemmon*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**