UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIERDRE JOHNSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2024** |
| **KEVIN MAXIMILIAN LOPEZ-GARCIA, ET AL** | **SECTION: "S" (2)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Omnibus Motion in Limine** (Rec. Doc. 33) is **GRANTED as unopposed** as to attorney-negotiated discounts and non-medical costs and conscience of the community/"Golden Rule" arguments; **GRANTED in part** excluding evidence of relative financial positions and requiring reduction to present value of future medical damages; **DENIED in part** as to evidence of the existence of an insurance policy; and **DEFERRED** with respect to lay opinion testimony and "unit of time" arguments.

BACKGROUND

Detailed facts in the this case have been set forth in recent orders of this court, and are not restated here. In the instant omnibus motion, defendants seek rulings in limine seeking to exclude: (1) any arguments about or any reference to the relative financial positions of defendants and plaintiffs; (2) any evidence, testimony, or questions related to insurance coverage or corresponding policy limits; (3) any lay testimony related to plaintiffs' medical condition, work capacity, or alleged disability (4) any evidence of plaintiffs' future damages unless reduced to present value; (5) attorney-negotiated discounts and non-medical costs from the claimed

damages in the case; (6) any improper argument that the jury is the conscience of the community or similar "Golden Rule" arguments; and (7) any "unit of time" damage calculations.

Plaintiffs do not oppose the exclusion of "Golden Rule" arguments and concede that defendants are entitled to a credit for attorney-negotiated discounts for medical bills. Defendants' remaining five requests are considered below.

### 1. Relative Financial Positions of the Parties

Defendants argue that the relative financial positions of the parties are not relevant to any issue, particularly damages, and must be excluded under Federal Rules of Evidence 401 and 402. Plaintiffs concede that the parties' relative financial position is not relevant to damages, but argue that such evidence may be relevant and admissible for another purpose. However, plaintiffs do not cite another relevant purpose for such information.

In personal injury cases, wealth evidence is inadmissible, except when awarding punitive damages. F.H. Paschen, S.N Nielsen & Assocs. LLC v. Hiscox, Inc., 2015 WL 13532830, at *2 (E.D. La. Nov. 25, 2015). Punitive damages are not available in this case; therefore, evidence of wealth or the relative financial positions of the parties is inadmissible.

### 2. Insurance Coverage or Policy Limits

Defendants seek to exclude evidence of insurance coverage and insurance policy limits pursuant to Federal Rule of Evidence 411. That rule provides: "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."

Plaintiffs concede that the limits of the policy are inadmissible but argue that the existence of the policy should be admitted to avoid influencing the jury to reduce their award out of sympathy for defendants' financial position, if they assume defendants are uninsured and will pay damages out of pocket.

Plaintiffs do not seek to introduce evidence of the policy to prove the defendant acted negligently or otherwise wrongfully. Further, the insurance company is a party in this matter. Accordingly, the court will admit the existence of the policy but not the coverage amount.

### 3. Lay Testimony Regarding Plaintiffs' Medical Conditions

Defendants seek to exclude non-expert testimony concerning plaintiffs' medical conditions, arguing that it would confuse the jury and is hearsay. Defendants do not identify specific impermissible testimony they anticipate. Plaintiffs concede that lay witnesses cannot provide testimony diagnosing medical conditions or prescribing medical treatment. However, plaintiffs argue that firsthand observations or experience of pain and other symptoms, changes in activity, mood, and the like are relevant and admissible.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; [and] (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue. . . . " Fed. R. Evid. 701. Because the defendants have not identified specific testimony to which they object, the court cannot determine at this juncture whether it meets these requirements. However, clearly, lay opinion testimony is in some cases admissible. Accordingly, ruling on this issue is deferred until

trial, when it can be decided in context. Hearsay will not be permitted unless it meets an exception established by the Federal Rules of Evidence.

### 4. Future Damages Reduced to Present Value

Defendants seek to require plaintiffs to reduce evidence of the amount of future damages to the present value of those damages, or else exclude them. Plaintiffs argue that future medical expenses need not be reduced to present value, because to do so would require any personal injury plaintiff with a claim for future damages to hire an expert economist to establish future damages. They also contend that a present value reduction is not required because "if the court can examine the record and determine from evidence of past medical expenses and other evidence a minimum amount that reasonable minds could not disagree will be required." Menard v. Lafayette Ins. Co., 301 So.3d 996, 1006 (La. 2010).

"Whether an award of future damages must be reduced to its present value is an issue controlled by state law." Peters v. T.G. & Y. Stores Co., 707 F.2d 227, 229 (5th Cir. 1983). With regard to plaintiffs argument based upon Menard, the Menard court held that future medical expenses must be established with some degree of certainty, but that due to their necessarily speculative nature, the "exact value of the necessary expenses" need not be in the record for the fact-finder to award future medical expenses. Id. The Menard court did not address reduction to present value or otherwise imply that whatever amount was established need not be adjusted to present value.

Rather, in Louisiana, awards for future medical damages are routinely discounted to present value. See e.g., Duncan v. Kansas City S. Ry. Co., 773 So. 2d 670, 688 (La. 10/30/00) (finding award for future medicals manifestly erroneous and recalculating based on probably life

4

span and reducing to present value). Future earnings and medical expenses are reduced to present value for "[t]he self-evident reason . . . a given sum of money in hand is worth more than the like sum of money payable in the future." Monessen Sw. Ry. Co. v. Morgan, 486 U.S. 330, 339–40 (internal quotations and citations omitted).

Further, "[w]hile future damages must be discounted to present value, Culver v. Slater Boat Co. (Culver II), 722 F.2d 114, 122 (5th Cir. 1983), an economic expert is not an absolute prerequisite to recover future damages." Edwards v. Permobil, Inc., 2013 WL 12230886, at *1 (E.D. La. Aug. 12, 2013) (Vance, J.) (citing Bonura v. Sea Land Service, Inc., 505 F.2d 665, 669 (5th Cir. 1974) (aligning the Fifth Circuit with the majority of circuits that have "presumed that jurors are capable enough and aware enough of modern economics to be able to reduce gross loss to present value intelligently once they have been instructed to perform this function") (other citations omitted)). If the jury is presented with sufficient evidence to discount any future damages, an expert is not necessary. Id. (citing Barocco ex rel. Barocco v. Ennis Inc. of Colo., 2003 WL 21406179, at *5 (E.D. La. June 16, 2003) (plaintiff provided jury with plaintiff's age, income, work expectancy, life expectancy as well as the Consumer Price Index and treasury bill rates). Accordingly, plaintiffs future medical damages must be discounted to present value or excluded.

### 5. Unit of Time Damage Calculations

Defendants seek to exclude any arguments that seek to calculate damages on a "unit of time" basis. They do not specify whether the request relates to arguments for special or general damages claims or both. Defendants argue that this form of argument is improper and prejudicial and used only to persuade a jury to award "liberal and excessive" damages. Plaintiffs argue that

the Fifth Circuit has approved the use of unit of time arguments when the court uses an appropriate jury instruction, and alternatively contends that if not permitted for general damages, the argument should be allowed in connection with special damages.

"The propriety of an argument is a matter of federal trial procedure under Byrd v. Blue Ridge Rural Electric Cooperative, 356 U.S. 525 (1958), and therefore, in a diversity case, subject to federal rather than state law." Westbrook v. Gen. Tire & Rubber Co., 754 F.2d 1233, 1239–40 (5th Cir. 1985) (citing Baron Tube Co. v. Transport Insurance Co., 365 F.2d 858, 862 (5th Cir. 1966) (en banc)). Unit of time arguments are generally disfavored because they tend to produce excessive verdicts. Id. However, allowing "a unit of time argument [is not] reversible per se. Rather, such argument may be allowed when couched with proper safeguards or otherwise cured." Id. at 1240.

"The safeguards which may be utilized may take the form of requiring that counsel notify the court and opposing counsel in advance of argument that the unit of time argument will be made. Since charts are generally used, they should be carefully scrutinized to eliminate any false factual impressions." Foradori v. Harris, 523 F.3d 477, 511 n. 32 (5th Cir. 2008) (quoting Baron Tube Co., 365 at 865.

In the absence of more detail on what type of "unit of time" argument plaintiffs plan to make, and without disclosure of any demonstrative exhibits that may be used, the court does not

have sufficient information make a blanket ruling at this time. Accordingly, the court defers ruling on this issue.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' **Omnibus Motion in Limine** (Rec. Doc. 33) is **GRANTED as unopposed** as to attorney-negotiated discounts and non-medical costs and conscience of the community/"Golden Rule" arguments; **GRANTED in part** excluding evidence of relative financial positions and requiring reduction to present value of future medical damages; **DENIED in part** as to evidence of the existence of an insurance policy; and **DEFERRED** with respect to lay opinion testimony and "unit of time" arguments.

New Orleans, Louisiana, this  17th   day of August, 2021.

*[signature]*

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE